ERNESTO SANTIAGO MARRERO, ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado; IBEC REALTY CO., INC. y SOC. PROTECTORA DE NIÑOS DE RÍO PIEDRAS, interventoras.

*Número:* C-62-99      *Resuelto:* 27 de enero de 1964

W. *Luyando Charneco,* abogado de los peticionarios; *Víctor Rivera Colón,* abogado de la Sociedad Protectora de Niños de Río Piedras, y *Díaz González & Quiñones Elías,* abogados de la IBEC Realty Co., Inc.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: La demanda de sentencia declaratoria en este caso interpuesta por la Sociedad Protectora de los Niños de Río Piedras contra los demandados y peticionarios en este recurso de *certiorari,* alegó que en 29 de octubre de 1952 la Sociedad Protectora demandante *convino* en venderle al peticionario Ernesto Santiago Marrero un solar de 568.38 metros cuadrados de una parcela de mayor cabida; que en virtud de dicho contrato *privado,* el peticionario Marrero entregó a la demandante $1,500 como pronto pago, conviniéndose en que el resto del precio de $4,183 serían satisfechos por Marrero *"cuando la Junta de Planificación permitiera la segregación del solar y al otorgarse la correspondiente escritura de compraventa",* estipulándose que el peticionario pagaría intereses sobre el precio aplazado, y que el contrato *"estaba sujeto a que Planificación aprobase la segregación".* Se alegó también que Marrero entró en la posesión del solar e hizo una edificación sin permiso del Negociado de Permisos y la cedió en arrendamiento al otro demandado y peticionario Rivera, quien tiene allí un negocio. Que no habiendo aprobado la Junta de Planificación la segregación del solar y por no haber cumplido Marrero con otras

condiciones del contrato, la demandante interpuso acción en la Sala de San Juan del Tribunal Superior, caso #59-1019, solicitando la *rescisión* del contrato y devolución del solar, el *pago* por su uso, *intereses* legales sobre el *precio aplazado,* y que en 27 de abril de 1961, en el referido pleito 59-1019 se dictó sentencia declarando nulo e ilegal, por ser contrario al orden público, el contrato celebrado entre las partes, y que contra dicha sentencia se interpuso recurso de revisión y este Tribunal denegó el mismo. Que según la mejor información de la demandante, los demandados tenían convenido contratos de arrendamiento u opción de venta relacionados con dicho solar y la estructura. Solicitó la demandante que se declararan los derechos, estados y *relaciones* jurídicas sobre la *posesión y dominio* del solar y la estructura por parte de los demandados peticionarios. A tal efecto alegó: (a) Que los demandados ocupan el solar ilegalmente; (b) Que Marrero no tiene título alguno sobre el solar; (c) Que la edificación levantada es en violación de la Ley de Planificación, y que debe destruirse o pasar su posesión a la demandante; (d) Que cualquier contrato entre Marrero y Rivera es ilegal por ser contrario al orden público y tener Rivera conocimiento del estado jurídico del solar; (e) Que Marrero viene obligado a *devolver* a la demandante *las rentas* por él percibidas en la explotación del solar y edificación, y la demandante a devolverle $1,500; y (f) Que Marrero está obligado a entregar la posesión del solar y edificación.

Más adelante en el pleito la entidad IBEC Realty Company interpuso demanda de intervención que le fue admitida, y alegó que por contrato de arrendamiento celebrado el 19 de diciembre de 1958 (antes de interponerse la demanda en el caso 59-1019), ella era la arrendataria, por 20 años, de una parcela de la Sociedad demandante de 6054.35 metros cuadrados, de la cual los aquí peticionarios ocupaban *precariamente sin título* o interés legal alguno la porción de 568.38 metros cuadrados ya mencionada.

Los demandados en el actual pleito radicaron moción para desestimar, alegando la excepción de cosa juzgada, a base del pleito 59-1019. En dos ocasiones se denegó la desestimación. Luego radicaron una moción sobre sentencia sumaria por el mismo fundamento de que la cuestión litigiosa era ya cosa juzgada. La Sala sentenciadora dictó resolución declarando sin lugar la moción para que se dictara sentencia sumariamente. Dijo: "En nuestra opinión el procedimiento de sentencia declaratoria no es el remedio adecuado en este caso. Sin embargo, examinada liberalmente, en la demanda se alegan hechos que de ser establecidos con prueba suficiente, justifican la adjudicación por parte del Tribunal de los derechos de las partes, sobre el solar objeto de este litigio. Véase Regla 70 de Enjuiciamiento Civil." Expedimos *certiorari* para revisar esa resolución.

En la demanda #59-1019, el único allí demandado Santiago Marrero interpuso una reconvención solicitando afirmativamente el cumplimiento específico del convenio o transacción de 29 de octubre de 1952, y de no ordenarse dicho cumplimiento específico, que se le abonaran daños y perjuicios.

Ya se considere la transacción o convenio de 1952 como un precontrato en que se acordó efectuar el contrato cuando se realizara la condición contemplada por las partes en cuanto a la necesaria autorización de la Junta de Planificación, y el otorgamiento de escritura pública, o se le considere como el contrato mismo de compraventa, como así lo consideró el Tribunal Superior en el caso anterior, la sentencia dictada en ese caso—Núm. 59-1019,—declaró viciada de nulidad radical y plena la mencionada transacción y por lo tanto inexistente. Como apuntó el Tribunal en su sentencia: "En otras palabras, en el caso que nos ocupa propiamente dicho no hay contrato." Es indiscutible que toda cuestión litigiosa sobre la validez y eficacia jurídica del contrato

de compraventa que se propusieron las partes está juzgada por la anterior sentencia.

■ Tampoco se podría litigar y obtener remedio que implique en alguna forma el cumplimiento de esas obligaciones, o remedio en daños sustituto del cumplimiento. Está juzgado que ese acto entre las partes, contrato o precontrato, fue de nulidad plena en derecho, a distinción del acto anulable, y por lo tanto nunca generó consecuencias de ley, siquiera hasta el momento de decretarse su nulidad. Según la propia sentencia, no se trataba de un contrato que tuviera efectos hasta que se decretara su nulidad, sino de la *inexistencia* misma.

■ En esa situación, las cosas han de revertir en derecho a la situación existente al momento del acto inexistente. No todas las cuestiones aquí litigiosas pueden volverse a juzgar, como aquéllas que para adjudicarlas sea necesario acudir a las obligaciones recíprocas impuestas, pero no todas están juzgadas. Entre las alegaciones se cuestiona la condición al presente de *poseedores* de los demandados peticionarios. La interventora, que no fue parte en el pleito anterior, en defensa de su derecho de posesión como arrendataria alega que los demandados le tienen una posesión adversa como *precaristas sin título ni interés legal alguno*.

■ Nos parece que en esencia ésta fue la situación que captó la Sala sentenciadora al decir que aun cuando entendía que el remedio de sentencia declaratoria no era el adecuado (no es óbice para una sentencia declaratoria el que pueda, instarse otro remedio), creía que habían hechos que justificaban una adjudicación. Aquí pueden estar envueltas acciones posesorias o hasta dominical que para resolverlas no hay que abrir a discusión el acto ya declarado inexistente porque no surgen de sus prestaciones. La expresión en la sentencia anterior, en que se invoca el Art. 1257 del Código Civil, de que ambas partes en aquel pleito carecían de acción judicial entre

sí, debe tomarse a tenor de las demandas recíprocas allí presentadas por una y otra parte.

*Se anulará el auto de "certiorari" expedido y se devolverán los autos para acción posterior compatible con lo expresado.*